UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM HEREDIA-OLIVA,<br><br>         Petitioner,<br><br>   v.<br><br>NEIL ADLER, Warden,<br><br>         Respondent. | 1:09-cv—1646-SKO-HC<br><br>ORDER DIRECTING THE CLERK TO SUBSTITUTE NEIL ADLER, WARDEN, AS RESPONDENT PURSUANT TO FED. R. CIV. P. 25(d)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1)<br><br>ORDER DIRECTING THE CLERK TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to the parties' consent,[1] the matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 301.

Pending before the Court is the petition, which was filed on July 21, 2009, in the District of Arizona, and transferred to this Court on September 18, 2009. Respondent filed an answer

---

[1] Petitioner filed a signed, written consent form on September 28, 2009; Respondent John Sugrue filed a written consent form signed by an authorized representative on December 15, 2009 and March 4, 2010.

1

entitled as a response, on March 9, 2010. Petitioner filed a traverse, entitled "BRIEF ON REPLY TO RESPONDENT'S RESPONSE," on March 29, 2010.

I. Background

When the petition was initially filed, Petitioner was incarcerated at the Correctional Institution in California City, California (CICC). (Pet. 1.) In 2010, Petitioner was transferred to the Correctional Institution in Taft, California (TCI), where he is presently incarcerated. (Not., doc. 15.)

Petitioner is serving a sentence of fifty-one (51) months for having illegally reentered the United States after deportation in violation of 8 U.S.C. § 1326(a). (Resp. Att. 1, 2.) Petitioner was sentenced to thirty-six (36) months of supervised release after serving his term. (Id.) The judgment was pronounced on May 30, 2008. (Id. at 4.)

Petitioner's sole contention is that the Bureau of Prisons (BOP) erroneously calculated his good conduct time (GCT) pursuant to 18 U.S.C. § 3624(b). Petitioner argues that the statute requires the BOP to award fifty-four (54) days of GCT for each year of imprisonment to which Petitioner was sentenced instead of for each year actually served by Petitioner. Petitioner contends that if the statute were applied as he urges, then Petitioner's release date would change from November 15, 2010, to October 15, 2010. (Pet. 6.)

II. Subject Matter Jurisdiction

Respondent correctly concedes that this action, which concerns alleged violations of federal law making conditions, place, or duration of confinement illegal, was properly brought

2

pursuant to 28 U.S.C. § 2241.  (Resp. 3.)  Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).  A district court has subject matter jurisdiction pursuant to § 2241 over a claim concerning the BOP's failure to consider whether a prisoner was entitled to time credit because such a challenge is to the manner in which the sentence is being executed.  Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991).

   III. <u>Jurisdiction over Respondent and Substitution of Neil Adler, Warden, as Respondent</u>

  Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions."  A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  The warden of the penitentiary where a prisoner is confined constitutes the

custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is within the territorial jurisdiction of the Court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193 (1948), overruled on other grounds in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. at 193, citing Ex parte Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990). A failure to name and serve the custodian deprives the Court of personal jurisdiction. Johnson v. Reilly, 349 F.3d 1149, 1153 (9th Cir. 2003).

Here, Petitioner was incarcerated within the district at the time the petition was filed, and he is presently incarcerated in the district.

The petition names John Sugrue, Warden of CICC, as Respondent. Respondent notes that since Petitioner's transfer to TCI, Petitioner's immediate custodian has been Neil Adler. (Resp. 2.) Respondent then waives any objection "on this basis," (Resp. 2), which the Court finds is reasonably interpreted as a waiver of any objection to jurisdiction over the person.

Although 28 U.S.C. § 2242 requires that the petition name the person who has custody over the petitioner and the authority or claim by virtue of which custody is maintained, it is established that this requirement is akin to personal jurisdiction and is subject to the general rule that objections to personal jurisdiction may be waived. Mujahid v. Daniels, 413

4

F.3d 991, 993-94, 994 n. 2 (9th Cir. 2005) (citing Rumsfeld v. Padilla, 542 U.S. 426, 433-34, 434 n. 7, 452-53 (2004) and Smith v. Idaho, 392 F.3d 350, 354-56 (9th Cir. 2004)) (petition brought pursuant to § 2241)).

The Court concludes that Petitioner's immediate custodian, Warden Neil Adler, is an appropriate respondent in this action, and that pursuant to Fed. R. Civ. P. 25(d), he should be substituted in place of John Sugrue, Warden.

Respondent further waives any defect if personal service on the custodian of the Petitioner has not been effected.

The Court notes Respondent's waivers and concludes that the Court has jurisdiction over the person of Petitioner's custodian and is acting within its jurisdiction within the meaning of 28 U.S.C. § 2241(a).

IV. Exhaustion of Administrative Remedies

As a "prudential matter," federal prisoners are generally required to exhaust available administrative remedies before bringing a habeas petition pursuant to 28 U.S.C. § 2241. Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004) (quoting Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). Respondent concedes that Petitioner has exhausted his administrative remedies. (Resp. 3.)

V. Calculation of Good Credit Time pursuant to 18 U.S.C. § 3624(b)

Title 18 U.S.C. § 3624(b) provides in pertinent part:

(b) Credit toward service of sentence for satisfactory behavior.--

(1) Subject to paragraph (2), a prisoner who is serving

5

>     a term of imprisonment of more than 1 year other than a
>     term of imprisonment for the duration of the prisoner's
>     life, may receive credit toward the service of the
>     prisoner's sentence, beyond the time served, of up to
>     54 days at the end of each year of the prisoner's term
>     of imprisonment, beginning at the end of the first year
>     of the term, subject to determination by the Bureau of
>     Prisons that, during that year, the prisoner has
>     displayed exemplary compliance with institutional
>     disciplinary regulations. Subject to paragraph (2), if
>     the Bureau determines that, during that year, the
>     prisoner has not satisfactorily complied with such
>     institutional regulations, the prisoner shall receive
>     no such credit toward service of the prisoner's
>     sentence or shall receive such lesser credit as the
>     Bureau determines to be appropriate. In awarding credit
>     under this section, the Bureau shall consider whether
>     the prisoner, during the relevant period, has earned,
>     or is making satisfactory progress toward earning, a
>     high school diploma or an equivalent degree. Credit
>     that has not been earned may not later be granted.
>     Subject to paragraph (2), credit for the last year or
>     portion of a year of the term of imprisonment shall be
>     prorated and credited within the last six weeks of the
>     sentence.
>
>     (2) Notwithstanding any other law, credit awarded under
>     this subsection after the date of enactment of the
>     Prison Litigation Reform Act shall vest on the date the
>     prisoner is released from custody.

18 U.S.C. § 3624(b).

Petitioner argues that the phrase "term of imprisonment" consistently refers to the sentence imposed, rather than to the time actually served. Further, he contends that the statute requires the credit to be applied during the last part of the year, and not after the year is over. (Pet. 4, 7.) Petitioner thus argues that he is presently entitled to credit calculated by multiplying fifty-four (54) days by the number of years of imprisonment to which Petitioner was sentenced. Petitioner argues that his interpretation is required by the plain meaning of the words in the statute, linguistics, legislative history and Congressional intent, the need to construe consistently a term

6

that appears repeatedly in a statute, and the rule of lenity requiring construction of a penal statute in favor of the defendant. (Pet. 7-11.)

    The BOP argues that a prisoner is entitled to a maximum annual credit of fifty-four (54) days of GCT for each full year of imprisonment that the prisoner <u>serves</u>, and a proportionally adjusted amount of credit for any additional time served that is less than a full year. The BOP awards the credit at the end of each year of imprisonment except during the last year of the sentence in which, pursuant to the statute's directions concerning proration and credit, the calculation occurs during the last six weeks of the sentence.

    In <u>Barber v. Thomas</u>, - S.Ct., No. 09-5201, 2010 WL 2243706, *2 (U.S. June 7, 2010), the Court held that the BOP's method of calculating GCT was consistent with the most natural reading of the statute, and the Court rejected the very arguments that Petitioner has raised in this proceeding. The Court noted the express language in § 3624(b) concerning receipt of credit "at the end of each year" and the inconsistency of a contrary position with the express terms of the statute. <u>Id.</u> *5. The Court reviewed the legislative history and concluded that Congress had intended to change the previous system, in which a prisoner was entitled to a deduction for credit on the day on which the sentence commenced to run, subject to forfeiture for misbehavior. The Court noted that in contrast, the present statute provides for the earning of credit at the end of the year based on the prisoner's behavior. <u>Id.</u> *5. The Court reasoned that the BOP's method tied an award of GCT directly to good

behavior and better furthered the statute's basic purpose, which was to achieve uniform, essentially determinate terms absent a reduction for good conduct. Id. *5-*6.  The Court found inapposite the rule of lenity that requires that criminal statutes be construed in favor of the defendant. Id. *9.  The Court concluded that even if § 3624(b) could be construed as imposing a criminal penalty, the rule of lenity did not apply because after considering the text, structure, history, and purpose of the statute, the Court discerned no grievous ambiguity or uncertainty in the statute. Id. at *9.  When urged by the petitioners not to defer to the BOP's interpretation and implementation of § 3624(b), the Court stated:

> In our view, the BOP's calculation system applies that statute as its language is most naturally read, and in accordance with what that language makes clear is its basic purpose.  No one doubts that the BOP has the legal power to implement the statute in accordance with its language and purposes; hence we need not determine the extent to which Congress has granted the BOP authority to interpret the statute more broadly, or differently than it has one here. Cf. *Chevron, supra,* at 944-845.

Barber v. Thomas, 2010 WL 2243706, *9-*11.

The controversy in the present case is governed by Barber v. Thomas.  The BOP's interpretation and application of the statute are consistent with the most natural reading of the language of the statute when viewed in the context of the basic, statutory purpose.  The BOP's method of calculating Petitioner's GCT pursuant to 18 U.S.C. § 3624(b) with reference to years actually served by Petitioner, as distinct from years to which Petitioner was sentenced, was not erroneous or unfair.  Petitioner has not shown that he has failed to receive GCT to which he is entitled.

8

VI. <u>Disposition</u>

In summary, the Court concludes that Petitioner's petition for writ of habeas corpus should be denied.

Accordingly, it is ORDERED that:

1) The Clerk of the Court SUBSTITUTE Neil Adler, Warden, as Respondent in this action;

2) The petition for writ of habeas corpus is DENIED with prejudice; and

3) The Clerk is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

**Dated:    June 20, 2010**                         /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE